```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAJEEV PAHUJA,

                Plaintiff,

    -v-

AMERICAN UNIVERSITY OF ANTIGUA, *c/o Greater Caribbean Learning Resources*,

                Defendant.

------------------------------------------------------------X

11 Civ. 4607 (PAE)

ORDER

**PAUL A. ENGELMAYER, District Judge:**

The Court is in receipt of *pro se* plaintiff Pahuja's application, dated November 23, 2011, for the appointment of pro bono counsel. In order to qualify for appointment of pro bono counsel, the plaintiff must first demonstrate that his claim has substance or a likelihood of success. *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). If an applicant meets this threshold standard, the Court must then consider:

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel

*Johnston*, 606 F.3d at 42; *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). Moreover, the Court must remain mindful throughout the inquiry that volunteer attorney time is a precious commodity, and Court should therefore not grant the appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172.

At this early stage of the litigation, the Court cannot weigh the substance of Pahuja's claims or make a determination as to his likelihood of success. Accordingly, Pahuja's November 23, 2011 application for appointment of counsel is DENIED without prejudice to renewal if the subsequent developments in this case demonstrate a likelihood of success.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: December 9, 2011
       New York, New York