UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RAJEEV PAHUJA,                                          11 Civ. 4607(PAE)

                       Plaintiff
   -against-


AMERICAN UNIVERSITY OF ANTIGUA c/o GREATER
CARIBBEAN LEARNING RESOURCES,


                       Defendant

------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S RULE 12 MOTION TO DISMISS


                       Law Offices of Leonard A. Sclafani, Esq.
                       Attorneys for Defendant
                       One Battery Park Plaza, 33rd Fl.
                       New York, New York, 10004
                       212-696-9880
                       l.a.s@mindspring.com

               By:_____
                       Leonard A. Sclafani, Esq. (8306)

PRELIMINARY STATEMENT

This memorandum is submitted in support of the motion of defendant American University of Antigua (hereinafter "AUA") for dismissal of plaintiff's claims herein, or, in the alternative, for dismissal of those of plaintiff's claims arising under the New York City Human Rights Law, NYC Admin. Code §§ 8-101-131. AUA makes this motion pursuant to Rule 12(b)(2), (4),(5),(6) and (7): in that plaintiff, who seeks monetary damages based upon an alleged wrongful discharge from his employment, failed to name and join as a defendant his employer, ii.) in that plaintiff failed to make due and sufficient service of his summons and complaint upon any of the named defendant, his actual employer or the entity that he claims to have delivered the documents "in care of"; iii.) in that, assuming that plaintiff did effect proper service of process on an appropriate defendant, he did so beyond the time permitted under Rule 4 of the Federal Rules of Civil Procedure; iv.) in that plaintiff's claims under the New York City Administrative Code and/or for "retaliation" fail to state any claim against the named defendant, or any other entity upon which relief can be granted, and in that, having permitted the New York State Division of Human Rights to adjudicate on its merits the claims raised by plaintiff herein under the New York City Administrative Code, plaintiff had elected that forum for his remedy and is barred from proceeding with his suit in this Court.

The operative facts surrounding this matter and underlying AUA's within motion are set forth in the affirmation of Leonard A. Sclafani, Esq., and the exhibits thereto,

1

including, but not limited to the two affidavits of Marie McGillicuddy. The Court is respectfully referred to those documents.

Point I

PLAINTIFF HAS FAILED TO JOIN A NECESSARY
AND INDISPENSIBLE PARTY
PLAINTIFF'S COMPLAINT MUST BE DISMISSED

As set forth in the accompanying affidavits of Leonard A. Sclafani, Esq, Senior Vice President and General Counsel of GCLR, LLC, and Marie McGillicuddy, currently Director of Admissions for that entity, plaintiff was employed by, and his employment was terminated by, GCLR, LLC. Plaintiff was fully aware of this fact prior to the commencement of this action, yet, nevertheless, plaintiff named as a defendant only AUA. That he did so with the tail on his description of the defendant "c/o Greater Caribbean Learning Resources" does not save plaintiff from dismissal of this action. As set forth in the affirmation of Leonard A. Sclafain, Esq, counsel herein and Senior Vice President of GCLR, LLC, Greater Caribbean Learning Resources is a defunct Delaware limited liability company that, in 2008, long before plaintiff was hired and fired, sold its assets in an arms length sale to GCLR, LLC, a New York limited liability company, and was dissolved by its owners. GCLR, LLC is not a successor in interest of Greater Caribbean Learning Resources; nor is it a subsidiary or affiliate of that entity.

It is obvious that any claim of wrongful discharge from employment must be brought against the employer, itself, and not a client of the employer or a defunct company that sold its assets to the employer prior to the plaintiff's employment.

Rule 19 of the Federal Rules of Civil Procedure provides that "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if; (A) in that person's absence, the court cannot accord complete relief among existing parties."

Failing to name one's employer in a suit seeking damages for wrongful discharge of employment falls squarely within the ambit of the above quoted Rule.

Nor can plaintiff join his actual employer at this point in time inasmuch as the time within which plaintiff was afforded under the applicable law to raise the claims in his complaint as against his actual employer, GCLR, LLC, has long since expired.

Accordingly, this Court must dismiss plaintiff's complaint herein.

POINT II

PLAINTIFF HAS FAILED TO EFFECT DUE
AND PROPER SERVICE ON AUA (OR ANY OTHER
ENTITY). THIS COURT LACKS PERSONAL JURISDICTON
OVER DEFENDANT

As set forth in the Sclafani affirmation, as of the date, February 22, 2012, that the US Marshall claims to have effected service of plaintiff's summons and complaint on

3

defendant AUA at 2 Wall Street, 10th Fl., New York, New York, by mailing of a copy of those documents to Mr. Sclafani at that address, none of AUA, Greater Caribbean Learning Resources, GCLR, LLC or any person or entity associated with any of them, maintained offices, or were present, at that address. GCLR, LLC had offices at that address up until mid-September, 2011 and Mr. Sclafani had his office on the fifth floor of 2 Wall Street as of that same date. Both GCLR and Mr Sclafani moved their offices to the 33rd Floor of One Battery Park Plaza in mid-September, 2011 and AUA never had offices at the 2 Wall Street building, or elsewhere in New York or in the United States.

Mr. Sclafani also attests that he was never served anywhere with plaintiff's summons and complaint.

No process having been made herein, this Court lacks jurisdiction over the person of defendant AUA herein such that plaintiff's complaint herein must be dismissed.

POINT III

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if a defendant is not served within 120 days after the summons and complaint is filed, the cour--on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or, upon good cause shown by the plaintiff, order

that the time of plaintiff to make service be extended. Here, plaintiff can show no good cause for his delay in attempting service of process on the named defendant.

Moreover, because, as of the present date, the time within which the law afforded plaintiff to commence an action against his former employer under either the Americans with Disabilities Act, 42 U.S.C. §§ 12112-12117 or the New York City Human Rights Law, N.Y.C. Admin. Code, §§ 8-101-131; to wit, 90 days after notice of that his claims were denied by the Human Rights Division and by the Equal Employment Opportunity Commission, has long since expired.

POINT IV

PLAINTIFF HAVING ELECTED FOR
ADJUDICATION OF HIS CLAIMS THE
NYS DIVISION OF HUMAN RIGHTS, HE
IS BARRED FROM MAINTAINING HIS CLIAMS
UNDER THE NYC ADMINISTRATIVE CODE

Having filed his claims of wrongful discharge from his employment with the New York State Division of Human Rights, and having included therein claims of wrongful discharge from employment under the New York City Human Rights Law, and having permitted the Human Rights Division to proceed to adjudicate these claims on their merits, plaintiff is now barred from maintaining these claims before this Court because his above set forth actions constituted an election of remedies. *Mc Nulty v. N.Y. City Dep't of Finance,* 45 F. Supp. 2d. 296, 303-04(S.D.N.Y., 1999).

Accordingly, plaintiff's said claims must be dismissed.

POINT V

## PLAINTIFF'S COMPLAINT HEREIN
## FAILS TO STATE A CLAIM OF RETALIATION

Plaintiff has employed the form provided by the Court for complaints sounding in wrongful discharge of employment. In doing so, plaintiff checked off the box provided where the plaintiff wishes to allege that the wrongful discharge was the product of retaliation. However, having checked the box, plaintiff offers nothing in the way of a fact or even a suggestion of a fact that would support a claim that he was discharged for retaliation. On the contrary, where on the form, plaintiff provides what he claims are the facts supporting his claims, he provides facts and reasons for his discharge that specifically do not support a claim that plaintiff's employment was terminated for any kind of discharge.

Rule 8 of the Federal Rules of Civil Procedure, which governs the contents of complaints, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to the relief" sought. Plaintiff's complaint does not contain any statement of fact showing that plaintiff was entitled to any relief because his discharge was the product of retaliation.

Accordingly, plaintiff's claim sounding in retaliation must be dismissed.

## CONCLUSION

On the basis of the foregoing, plaintiffs claims must be dismissed, or in the alternative, plaintiff's claims under the NYC Administrative Code must be dismissed

6

and defendant must be awarded its costs, expenses and attorney's fees incurred in connection with this matter together with such other relief as this Court deems just and equitable.

Respectfully submitted,

Leonard A. Sclafani, Esq. (ls8306)

Law Offices of Leonard A. Sclafani, Esq.
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
l.a.s@mindspring.com
212-696-9880

STATE OF NEW YORK, COUNTY OF NEW YORK

I, LEONARD A. SCLAFANI, an attorney duly licensed to practice before this court, affirm under penalty of perjury as follows:

I am counsel defendant, American University of Antigua, in this action.

On June 15,, 2015, I served the within Notice of Motion and supporting papers, Memorandum of Law and Rule 7.1 Statement on plaintiff by depositing true copies thereof enclosed in a post paid wrapper into the care and custody of the U.S. Postal Service, all due fees prepaid and addressed to each of the following persons at the last known address set forth after each name:

Rajeev Pahuja
55 Duel Drive
Hamden, CT. 06518

Leonard A. Sclafani, Esq. (ls8306)