USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____7/31/12____

United States Southern District of New York Court

----------------------------------------------------------------x

RAJEEV PAHUJA

Index # 11 Civ. 4607

AFFIRMATION OF RAJEEV PAHUJA
OPPOSITION TO MOTION TO
DISMISS

Plaintiff,

AMERICAN UNIVERSITY OF ANTIGUA C/O GREATER

CARIBBEAN LEARNING RESOURCES,

Defendant

----------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF

OPPOSITION TO DEFENDANT'S RULE 12 (b)2), (4),(5),(6) and (7)

PLAINTIFF'S RESPONSE TO COUNTERCLAIMS FOR MOTION TO DISMISS

Rajeev Pahuja

55 Duel Drive

Hamden, CT 06518

203-589-3537

By: _____

Rajeev Pahuja

I, Rajeev Pahuja Pro Se Plaitiff hereby answers in an opposition to motion to dismiss and

disagree with American University of Antigua's c/o Greater Carribean Learning Resource's

motion to dismiss response in the above matters as follows in an admit, deny, or do not have

sufficient knowledge or information upon which to base a response to this allegation, and

therefore can neither admit or deny this allegation in the above. I respectfully respect that the

defendant's motion to be denied.



PRELIMINARY  STATEMENT

**Paragraph No.1:**

This memorandum is submitted in support of the motion of defendant American University of Antigua (hereinafter "AUA) for dismissal of plaintiff's claims herein or, in alternative, for dismissal of those of plaintiff's claims arising under the New York City Human Rights law, NYC Administrative Code §§ 8-101-131. AUA makes the motion to pursuant to Rule 12(b)(2),(4),(5),(6) and  (7): in that plaintiff, who seeks monetary damages based upon an alleged wrongful discharge from his employment failed to name and join as a defendant his employer ii.) in that plaintiff failed to make due and sufficient service of his summons and complaint upon any of the named defendant, his actual employer, ii) in that plaintiff  failed make due and sufficient service of his summons and complaint upon any of the named defendant, his actual employer or the entity that he claims to have delivered the documents "in care of; iii) in that, assuming that plaintiff did effect proper service of process in on appropriate defendant, he did so beyond the time permitted under Rule 4 of the Federal Rule of Civil Procedure; iv.) in that plaintiff's claims under the New York City Administrative Code and/or for "retaliation" fail to state any claim against the named defendant, or any other entity upon which relief can be granted, and in that, having permitted the New York State Division to adjudicate on its merits the claims raised by plaintiff herein under the New York City Adminstrative Code, plaintiff had elected that forum for his remedy and is barred from procceding his suit in this court.

The operative facts surrounding the ammter and underlying AUA's within motion are set forth in the affirmation of Leronard A. Sclafani, Esq., and the exhibits thereto including, but not limited

to the two affidavidts of Marie MacgIllycuddy. The Court is respectfully referred to those documents.

**Response No. 1:**

Paragraph No 1 is denied and is a false allegation. The United States Southern District Court is respectfully referred to the copy of an email and an offer letter from Ms. McGillycudy as Exhibit 1 and is attached to the opposition to motion to dismiss. In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." A serious issues lies in the defendant's credibility of the entity named ANY, GCLR, or Manipal Education Americas LLC.  According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.  An extension of service was given by Judge Englemayer and proper service was done on appropriate defendant. According to Nutley vs. N.Y. City Deo't of Finance, 45 F. Supp. 2d . 296, 303-04(S.D.N.Y.1999). The US District Court wrote "For the foregoing reasons, Defendant's Motion to Dismiss is denied as to Plaintiff's Title VII and ADEA claims and granted as to Plaintiff's SHRL and CHRL claims. Upon receipt of this Memorandum and Order, the parties are to contact the Court to request a pretrial conference during the week of April 12, 1999, at which time the Court will set a trial date and a date for submission of a joint pretrial order". My claims are not barred under the New York City Humans Rights Law. Plaintiff concedes that  he filed a claim with the United States Southern District of New York under the Americans with Disabilities Act of 1990 42 USC 12112-12117, New York City Human Rights Law disability definition does contain the language of **specific disabilities**.  Plaintiff contends, however, that his New York City Administrative code §8-

2

102(16)(b) claim remains properly open before the United States Southern District Federal Court because it was not raised before the New York State Division of Human Rights, though it was in my New York State Division of Human Rights affidavit under New York City Administrative Code §8-102(16)(b).   The term "**physical or mental impairment**" means a physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin and endocrine; or a mental or psychological disorder, such as mental retardation, developmental disability, organic brain syndrome, emotional or mental illness, and **specific learning disabilities**. It includes, but is not limited to, such diseases and conditions as orthopedic, visual, speech and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, alcoholism, substance abuse, and drug addition. NYC Admin. Code §8-102(16)(b). Attention Deficit Disorder is a specific learning disability. I am a victim of retaliation and discrimination based on my rehabilitation counselor Mr Carpino seeking reasonable accomodations for my specific learning disability (attention deficit disorder) under disability definition NYC Admin. Code §8-102(16)(b) and the Amerians with Disabilities Act on the job. Mr. Carpino is a witness in this case and he is fully aware that American University of Univerity c/o of Greater Caribbean Learning Resousrces failed to accommodate my disability. The defendant Ms. McGillycuddy and Mr. Woodward failed to enter into any type of interactive dialogue to discuss the nature of my disability and the type of reasonable accomodations   Mr. Carpino and I became a victim of retaliation. The claim of retaliation was in Pahuja's affidavidt Exhibit "2" Pahuja wrote " A motivating factor behind the termination of my employment was defendant's retaliation for asserting my rights to an accommodation under the Americans with Disabilities Act and New York City Human Rights Law §8-102(16)(b) which falls under

3

disability definition **specific learning disabilities**.


## Point 1


**Paragraph No. 2**

PLAINTIFF HAS FAILED TO JOING A NECESSARY

AND INDISPENSABLE PARTY

PLAINTIFF'S COMPLAINT MUS BE DISMISSED

**Point 1 is a false allegation and is denied.**

As set forth in the accompanying affidavidts of Leonard A Sclafani, Esq Senior Vice President and General Counsel of GCLR, LLC, and Marie McGillycuddy, currently Director of Admissions for that entity, plaintiff eas employed by, and his employment was terminated by, GCLR, LLC. Plaintiff was fully aware of this fact prior to commencement of this action yet, nevertheless, plaintiff named as a defendant only AUA. That he did so the tail on his description of the defendant "c/o Greater Caribbean Learning Resources" does not save plaintiff from dismissal of the action. As set forth in this affirmation of Leonard A Sclafani, Esq, counsel herein and Senior Vice President of GCLR, LLC Greater Carribean Resources" does not save plaintiff from dismissal of this action. As set forth in the affirmation of Leonard A Sclafani, Eq, Counsel herein and Senior Vice President of GCLR, LLC, Greater Caribeean Learning Resources is a defunct Delaware limited liability company that, in 2008, long before plaintiff was hired and fired, sold its assets in an arm length sale to GCLR, LLC, a New York limited liability company, and was dissolved by its owners, GCLR, LLC is a successor in interest of Greater Caribbean Learning Resources, nor is it a subsidiary or affiliate or entity.

4

**Response No. 2:**

Paragraph No 2 is denied and is a false allegation. The United States Southern District Court is respectfully referred to the copy of an email and an offer letter from Ms. McGillycudy as Exhibit 1 and is attached to the opposition to motion to dismiss. In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." A serious issues lies in the defendant's credibility of the entity named ANY, GCLR, or Manipal Education Americas LLC.  According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

**Paragraph No. 3:**

It is obvious that any claim of wrongful discharge from employment must be brought against the employer, itself, and not a client of the employer or a defunct company that sold its assets to the employer prior to the plaintiff's employment.

**Response No. 3**

Paragraph No 3 is denied and is a false allegation. The United States Southern District Court is respectfully referred to the copy of an email and an offer letter from Ms. McGillycuddy as Exhibit 1 and is attached to the opposition to motion to dismiss. In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua

at a rate of $56,000 per year." A serious issues lies in the defendant's credibility of the entity named ANY, GCLR, or Manipal Education Americas LLC.  According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

## Paragraph No. 4

Rule 19 of the Federal Rules of Civil Procedure provides that "a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if; (A) in that persons absence, the court cannot accord complete relief among existing parties.

## Response No. 4

Paragraph No. 4 is denied and is a false allegation.

## Paragraph No. 5

Failing to name one's employer in a suit seeking damages for wrongful discharge of employment falls squarely within the ambit of the above quoted Rule.

## Response No. 5

Paragraph No 5 is denied and is a false allegation. The United States Southern District Court is respectfully referred to the copy of an email and an offer letter from Ms. McGillycudy as Exhibit 1 and is attached to the opposition to motion to dismiss. In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." A serious issues lies in the defendant's credibility of the entity named ANY,

GCLR, or Manipal Education Americas LLC.  According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

**Paragraph No. 6**

Nor can plaintiff join his actual employer at this point in time inasmuch as the time within which plaintiff was afforded under the applicable law to raise the claims in his complaint as against his actual employer, GCLR, LLC, has long since expired.

**Response No. 6:**

Paragraph No 6 is denied and is a false allegation. The United States Southern District Court is respectfully referred to the copy of an email and an offer letter from Ms. McGillycudy as Exhibit 1 and is attached to the opposition to motion to dismiss. In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." A serious issues lies in the defendant's credibility of the entity named ANY, GCLR, or Manipal Education Americas LLC.  According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

**Paragraph No. 7:**

Accordingly, this Court must dismiss plaintiff's complaint herein

**Response No. 7:**

Paragraph No. 7 is denied and is a false allegation. The motion to dismiss should be denied.

7

## POINT  II

PLAINTIFF HAS FAILED TO EFFECT DUES AND PROPER SERVICE ON AUA(OR ANY OTHER ENETITY). THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.

### Point II is denied and is a false allegation.

### Paragraph No. 8

As set forth in the Sclafani affirmation, as of the date, February 22, 2012, that the US Marshall Claims to have effected service of plaintiff's summons and complaint on defendant AUA at 2 Wall Street, 10th Floor, New York, NY, by mailing of a copy of those documents to Mr. Sclafani at that address, none of AUA, Greater Carribbean Learning Resources, GCLR, LLC, or any person or entity associated with any of them, maintained offices, or were present, at that address. GCLR, LCC had offices at that address up until mid-September, 2011 and Mr. Sclafani has his office on the fifth floor if 2 Wall Street as of the same ate. Both GCLR and Mr. Sclafani moved their offices to the 33rd Floor of One Battery Park Plaza in mid-September, 2011 and AUA never had offices at the 2 Wall Street building, or elsewhere in New York or in the United States.

### Response No. 8

Paragraph No. 8 is denied and is a false allegation.  A copy of an email and an offer letter from Ms. McGillycudy as Exhibit 1 is attached to the opposition to motion to dismiss. In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment

as the Senior Associate Director of Admissions of the Nursing School at the American

University of Antigua at a rate of $56,000 per year AUA administrative office is located on

"Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-

888-AUA-MED (1-888-282-8633) Email: info@auamed.org www.auamed.org" A serious issues

lies in the defendant's credibility of the entity named ANY, GCLR, or Manipal Education

Americas LLC.  According to my offer letter The New York limited liability company was also

known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal

Education and Medical Group India.

**Paragraph No. 9**

Mr. Sclafani also attest that he was never served anywhere with plaintiff's summons and

complaint.

**Response No. 9**

Paragraph No 9 is denied and is a false allegation.

**Paragraph No. 10**

No process having been made herein, this Court lacks jurisdiction over the person or defendant

AUA herein such that plaintiff's complaint must be dismissed.

**Response No. 10**

Paragraph No. 10 is denied and is a false allegation.  A copy of an email and an offer letter from

Ms. McGillycudy as Exhibit 1 is attached to the opposition to motion to dismiss. In an offer

letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment

as the Senior Associate Director of Admissions of the Nursing School at the American

University of Antigua at a rate of $56,000 per year AUA administrative office is located on "Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email: info@auamed.org www.auamed.org" A serious issues lies in the defendant's credibility of the entity named ANY, GCLR, or Manipal Education Americas LLC.  According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

Point III

## Paragraph No. 11

Rule 4(m) of the Federal Civil Procedure provides that, if a defendant is not served within 120 days after the summons and complaint is filed, the cour— motion or on its own after notice to the plaintiff must dismiss the action without prejudice against the defendant or, upon good cause shown by the plaintiff, order that the time to plaintiff to make service be extended. Here, plaintiff can show no good cause for his delay in attempting service of process on the named defendant.

## Response No. 11

Paragraph No 11 is denied and is a fabricate allegation. An extension of service was given by Judge Englemayer and proper service was done on appropriate defendant.

## Paragraph No. 12

Moreover, because, as of the present date, the time within which the law afforder  plaintiff to commence an action against his former employer under either the Americans with Disabilities Act 42. U.S.C. §§ 12112-12117 or the New York City Human Rights Law, N.Y.C Admin. Code

§§ 8-101-131; to wit, 90 days after notice of that his claims were denied by the Human Rights Division and the Equal Employment Opportunity Commission, has long since expired.

**Response No. 12**

Paragraph No. 12 is denied and is a false allegation. The claims were not denied under the New York City Human Rights Law or under the Americans with Disabilities Act.  According to Nutley vs. N.Y. City Dep't of Finance, 45 F. Supp. 2d . 296, 303-04(S.D.N.Y.1999). The US District Court wrote "For the foregoing reasons, Defendant's Motion to Dismiss is denied as to Plaintiff's Title VII and ADEA claims and granted as to Plaintiff's SHRL and CHRL claims. Upon receipt of this Memorandum and Order, the parties are to contact the Court to request a pretrial conference during the week of April 12, 1999, at which time the Court will set a trial date and a date for submission of a joint pretrial order". My claims are not barred under the New York City Humans Rights Law. Plaintiff concedes that  he filed a claim with the United States Southern District of New York under the Americans with Disabilities Act of 1990 42 USC 12112-12117, New York City Human Rights Law disability definition does contain the language of **specific disabilities**. Plaintiff contends, however, that his New York City Administrative code §8-102(16)(b) claim remains properly open before the United States Southern District Federal Court because it was  not raised before the New York State Division of Human Rights, though it was in my New York State Division of Human Rights affidavidt  under New York City Administrative Code §8-102(16)(b).  The term "**physical or mental impairment**" means a physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin and endocrine; or a mental or psychological disorder, such as mental retardation, developmental disability, organic brain

syndrome, emotional or mental illness, and **specific learning disabilities**. It includes, but is not

limited to, such diseases and conditions as orthopedic, visual, speech and hearing impairments,

cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes,

alcoholism, substance abuse, and drug addition. NYC Admin. Code §8-102(16)(b). Attention

Deficit Disorder is a specific learning disability.

**Point IV**

> PLAINTIFF HAVING ELECTED FOR
>
> ADJUDICATION OF HIS CLAIMS THE
>
> NYS DIVISION OF HUMAN RIGHTS, HE
>
> IS BARRED FROM MAINTAINING HIS CLAIMS UNDRE
>
> THE NYC ADMINISTRATIVE CODE

**Point IV is denied is a false allegation.**

**Paragraph No. 13**

Having filed his claims of wrongful discharge from his employment with the New York State

Division of Human Rights, and having included therein claims of wrongful discharge from

employment under the New York City Human Rights Law, and having permitted the Human

Rights Division to proceed to adjuciate these merits, plaintiff is now barred from maintaining

these claims befoe this Court because his above set forth actions contituted an election of

remedies Mc Nulty v. N.Y. City Dep't of Finacne, 45 F. Supp. 2d.296, 303-04(S.D.N.Y., 1999)

Accordingly, plaintiff's said claims must be dismissed.

12

**Response No.13**

Paragraph No. 12 is denied and is a false allegation. The claims were not denied under the New York City Human Rights Law or under the Americans with Disabilities Act and is is not barred from maintaining these claims in Southern District of New York.  According to Nutley vs. N.Y. City Dep't of Finance, 45 F. Supp. 2d . 296, 303-04(S.D.N.Y.1999). The US District Court wrote "For the foregoing reasons, Defendant's Motion to Dismiss is denied as to Plaintiff's Title VII and ADEA claims and granted as to Plaintiff's SHRL and CHRL claims. Upon receipt of this Memorandum and Order, the parties are to contact the Court to request a pretrial conference during the week of April 12, 1999, at which time the Court will set a trial date and a date for submission of a joint pretrial order". My claims are not barred under the New York City Humans Rights Law. Plaintiff concedes that  he filed a claim with the United States Southern District of New York under the Americans with Disabilities Act of 1990 42 USC 12112-12117, New York City Human Rights Law disability definition does contain the language of **specific disabilities**.  Plaintiff contends, however, that his New York City Administrative code §8-102(16)(b) claim remains properly open before the United States Southern District Federal Court because it was  not raised before the New York State Division of Human Rights, though it was in my New York State Division of Human Rights affidavidt  under New York City Administrative Code §8-102(16)(b).   The term "**physical or mental impairment**" means a physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin and endocrine; or a mental or psychological disorder, such as mental retardation, developmental disability, organic brain syndrome, emotional or mental illness, and **specific learning disabilities**. It includes, but is not

limited to, such diseases and conditions as orthopedic, visual, speech and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, alcoholism, substance abuse, and drug addition. NYC Admin. Code §8-102(16)(b). Attention Deficit Disorder is a specific learning disability.

## PLAINTIFF'S COMPLAINT HEREIN FAILS TO STATE A CLAIM OF RETALIATION

### Paragraph No. 14

Plaintiff has employed the form provided by the Court for complaints sounding in wrongful discharge of employment. In doing so, plaintiff checked off the box where the plaintiff wishes to allege the wrongful discharge was the product of retaliation. However, having checked the box, plaintiff offers nothing in the way of a fact or even a suggestion of a fact that would support a claim that he was discharged for retaliation. On the contrary, where on the form, plaintiff provides what he claims are the facts supporting his claims, he provides facts and reasons for discharge that specifically do not support a claim that plaintiff's employment was terminated for any kind of discharge.

### Response No.14

Paragraph No. 14 is denied and a false allegation. I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor Mr Carpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino writes "In the conference call with myself, David Carpino, Ms McgIllycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant failed to enter into any type of interactive

dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to request a reasonable accommodation for an employee suffering from a disability.

## Paragraph No.15

Rule 8 of the Federal Rule of Civil Procedure, which governs the contents of complaints, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to the relief" sought. Plaintiff's complaint does not contain any statement of fact showing that plaintiff was entitled to any relief because his discharge was the product of retaliation.

## Response No. 15

Paragraph No. 15 is denied and is a false allegation. I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor Mr Carpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino written testimony states "In the conference call with myself, David Carpino, Ms McgIllycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant failed to enter into any type of interactive

dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to request a reasonable accommodation for an employee suffering from a disability.

**Paragraph No. 16**

Accordingly, plaintiff's claim sounding in retaliation must be dismissed.

**Response No. 16**

Paragraph No 16 is denied and is a false allegation. The motion to dismiss should be denied. I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor Mr Carpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino written testimony states "In the conference call with myself, David Carpino, Ms McgIllycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant failed to enter into any type of interactive dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to request a reasonable accommodation for an employee suffering from a disability.

## Defendant's Conclusion

### Paragraph No.17

On the basis of the foregoing, plaintiff's claims must be dismissed, or in the alternative, plaintiff's claims under the NYC Administrative Code must be dismissed and the defendant must be awarderd its costs, expenses, and attorney's fees incurred in connection with this matter together with such other relief as this Court deems just and equitable.

### Response No.17 to Defendants Conclusion

Paragraph No. 17 is denied and is a false allegation. On the basis of the foregoing and defendant providing false allegations, motion to dismiss must be denied.

## Plaintiff's Conclusion

Wherefore, defendant's motion to dismiss counterclaims, costs, disbursements, and attorney fees must be denied. The Court should grant the plaintiff with monetary damages such as back pay, emotional distress damages, punitive damages, and front pay with such other and further relief as this court deems to be just and equitable being a victim of "Retaliation" for being denied reasonable accomodations for my severe learning disability (Attention Deficit Disorder) from my rehabilitation counselor witness Mr. Carpino. It is clearly impermissible and illegal to deny an accommodation under NYC Administrative Code Disability Definition §§ 8-102 16(b)(a) **Specific Learning Disabilities** (Attention Deficit Disorder) and under federal law Americans with Disabilities Act Title 42 U.S.C. §§ 12112-12117.

Very Truly Yours,

Rajeev Pahuja, Pro Se Plaintiff

# EXHIBIT 1

AUA - Yahoo! Mail                                                                    Page 1 of 2



**AUA**                                                                  Monday, April 6, 2009 5:00 PM

**From:** "Marie McGillycuddy" <mmcgillycuddy@AUAMED.ORG>
**To:** "Rajeev Pahuja" <pahujara@yahoo.com>
1 File (1287KB)



Rajeeve ...

Hi Rajeev,

I apologize for not sending this over the weekend. Check it out and let me know if you have any questions.

-Marie

**Marie McGillycuddy**
**Regional Director of Admissions**
**AMERICAN UNIVERSITY OF ANTIGUA**
College of Medicine | School of Nursing
International College of Arts and Life Science - Antigua
**KASTURBA MEDICAL COLLEGE**
International Center
c/o GCLR, Inc.
Two Wall Street , 10th Floor
New York , NY 10005
917.940.4006 ( Mobile )
646.834.9164 (Office)
SKYPE: Marie McGillycuddy or mbjmny@hotmail.com

www.auamed.org

DISCLAIMER: This message is for the named person's use only. It
may contain confidential, proprietary or legally privileged
information. No confidentiality or privilege is waived or lost by
any mis-transmission. If you receive this message in error,
please immediately delete it and all copies of it from your
system, destroy any hard copies of it and notify the sender. You
must not, directly or indirectly, use, disclose, distribute,
print, or copy any part of this message if you are not the
intended recipient. GCLR LLC, and any of its subsidiaries each
reserve the right to monitor all e-mail communications through

 

AMERICAN
UNIVERSITY
OF ANTIGUA
COLLEGE OF
MEDICINE

*CIO Greater Caribbean Learning Resources*

KASTURBA
MEDICAL
COLLEGE

**OFFER OF EMPLOYMENT:**

Dear Rajeev Pahuja:

I am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year.

## *Job Description:*

Under the direction of one of the Regional Directors of Admissions, the Associate Director of Admissions is broadly responsible for the following activities and outcomes in his or her assigned geographic territory:

**OUTREACH:**

Creating productive and ongoing relationships with pre-professional academic advisors at colleges and universities within a specified geographic area.

Generating new leads by arranging and delivering presentations to key pre-medical, pre-nursing student interest groups at their regularly-scheduled meetings.

Conducting and participating in regional information sessions.

**INTERVIEWS:**

Interviewing formal applicants for the Nursing school once they have submitted all of the required credentials.

Writing and submitting a formal recommendation of the candidate to the Admissions Committee.

**FOLLOW-UP:**

By telephone, assisting accepted students in completing all of the necessary preparations to attend AUASON.

**Administrative Office:** Two Wall Street 10th Fl
New York, NY 10005
**Tel:** 212 - 661-8899 Fax: 212 - 661-8864
1-888-AUA-UMED (1-888-282-8633)
**Email:** info@auamed.org  www.auamed.org

**Manipal Education & Medical Group**
Manipal 576104 India
**Tel:** 91-820 2571978/79 Fax: 01-820 2571982/257062
**Email:** kmc_auamed.@manipal.edu
www.manipal.edu

 

AMERICAN
UNIVERSITY
OF ANTIGUA
COLLEGE OF
MEDICINE

*C/O Greater Caribbean Learning Resources*

KASTURBA
MEDICAL
COLLEGE

**ADMINISTRATION:**

Data base management of students from leads to prospects to applicants to accepted students to new student starts.

Reports on activity and outcomes, including expense reports.

As we have discussed, your work schedule will be Monday through Friday from 9a.m.-5p.m. as well as some evening and weekend work. Travel will also be required once recruitment territories have been established. As agreed, your first day of work will be Tuesday, April 21st 2009. I am happy that you have chosen to work with us. On behalf of the Admissions team and AUA I welcome you and look forward to the 21st of April!


Regards,


Marie B. McGillycuddy
Regional Director of Admission

---

**Administrative Office:** Two Wall Street 10th Fl
New York, NY 10005
**Tel:** 212 - 661-8899 Fax: 212 - 661-8864
1-888-AUA-UMED (1-888-282-8633)
**Email:** info@auamed.org  www.auamed.org

**Manipal Education & Medical Group**
Manipal 576104 India
**Tel:** 91-820 2571978/79 Fax: 01-820 2571982/257062
**Email:** kmc_auamed.@manipal.edu
www.manipal.edu

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Rajeev Pahuja*

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

*American University of Antigua
c/o Greater Caribbean Learning
Resources*

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

*11* Civ. *4607* (___) (___)

**AFFIRMATION OF SERVICE**

I, *Rajeev Pahuja* , declare under penalty of perjury that I have
     *(name)*

served a copy of the attached *Opposition to Motion to Dismiss*
                              *(document you are serving)*

upon *Leonard Sclafani Senior VP General Counsel* whose address is *One Battery Park Plaza, 31st,*
        *(name of person served)*                                *New York, NY 10004*

*Mailing the Opposition to Motion to Dismiss — Judge Engelmayer*
                   *(where you served document)*

by *Overnight Express first set & Second Set — ordinary mail [ Opposition to Motion to Dismiss*
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*  *to Motion to Dismiss*

Dated: *Hamden* , *CT*
         *(town/city)*    *(state)*

       *7*      *30*, 20*12*
    *(month)*  *(day)  (year)*

*R. P.*
_____
Signature

*55 Duel Drive*
_____
Address

*Hamden, CT*
_____
City, State

*06518*
_____
Zip Code

*203-589-3537*
_____
Telephone Number

*Rev. 05/2010*

July 30, 2012

Honorable Englemayer
United State District Courthouse
Southern District of New York
Pro Se Office, Room 230
500 Pearl  Street
New York, NY 10007-1312

Re: **Rajeev Pahuja v. American University of Antigua c/o Greater Caribbean Learning Resources**
    **Case No 11Civ 4607**
    **Opposition to Motion**

Dear Judge Englemayer:

Enclosed is the Opposition to Motion for Dismiss for your review.

I respectfully request that the motion to dismiss be denied. Please feel free to contact me at (203)-589-3537 with any questions your Honor.

Very Truly Yours,

Rajeev Pahuja
Pro Se Plaintiff

CC: Leonard Sclafani
    Senior Vice President and General Counsel
    American University of Antigua c/o Greater Caribbean Learning Resources
    One Batter Park Plaza, 33rd Floor
    New York, New York, 10004