UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

RAJEEV PAHUJA,

                    Plaintiff

- -

AMERICAN UNIVERSITY OF ANTIGUA c/o GREATER
CARIBBEAN LEARNING RESOURCES,

                    Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index #11 Civ. 4607(PAE)

REPLY AFFIRMATION OF LEONARD A. SCLAFANI, ESQ. IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO TO DISMISS

Leonard A. Sclafani, Esq. hereby affirms under penalty of perjury as follows:

1. I am an attorney duly admitted to practice before this Court. I am a member of the firm of Leonard A. Sclafani, P.C., attorneys for defendant American University of Antigua (hereinafter "AUA") herein. As such, I am fully familiar with all of the facts and circumstances surrounding this matter and hereinafter set forth.

2. I submit this affirmation in reply to the opposition of plaintiff, Rajeev Pahuja, to defendant's motion for dismissal of this action for lack of jurisdiction over the person of defendant, failure to join a necessary and indispensible party, and on other grounds.

3. Through this affirmation, defendant respectfully submits that plaintiff has not provided a sufficient basis for this Court to deny defendant's motion.

4. With respect to that aspect of defendant's motion as seeks dismissal of this action on the ground that plaintiff failed properly to serve either defendant that he named; to wit, American University of Antigua, or his actual employer in this employment discrimination case, defendant has demonstrated on its motion that plaintiff's purported service of the summons and complaint in this matter was improper and insufficient because, according to the affidavit of service of those documents on file with this Court, that service was made at an address (2 Wall Street, New York, New York, 10th Fl. from which the entity, GCLR, LLC, in whose "care" plaintiff claims his process server entrusted the papers, had moved, and did not occupy as of several months before plaintiff's service was allegedly made, and because the named defendant in this action had not ever maintained an office there.

5. Plaintiff's sole opposition to the first of those grounds consists of his self serving, conclusory statement that your affiant's affirmation on this matter, was not true. Such is clearly insufficient as a matter of law to defeat defendant's motion.

6. It must be noted that none of the documents that plaintiff submits in opposition to the motion, which, to the casual eye, might lead one to conclude that AUA, and not GCLR, was plaintiff's employer or had an office at 2 Wall Street, New York, are dated at any time at, or subsequent to the date that defendant has demonstrated, it moved from the 2 Wall Street address.

7. As for the second of the above stated grounds for dismissal of plaintiff's complaint based on lack of service of process; to wit, that, contrary to defendant's claims, the named defendant never maintained an office, and was not served at, 2 Wall Street, or elsewhere in the United States, it is submitted that a close review of each of the documents that plaintiff submits in an attempt to show that he was employed by AUA and not GCLR, LLC and that AUA did have offices at 2 Wall Street indicate state that the address given for AUA at 2 Wall Street was "in care of" GCLR, LLC at that address and/or that GCLR, was the "agent for", AUA.

8. Assuming arguendo, however, that AUA did maintain an office at any time at the 2 Wall Street address where plaintiff's summons and complaint was allegedly served, plaintiff offers nothing that even remotely would tend to suggest that either GCLR or AUA were in occupancy of those offices or was

served as stated in the affidavit of service at that address of elsewhere as, and when it is claimed that such service was made.

9. Turning to plaintiff's defense of that portion of defendant's motion as seeks dismissal of the complaint because plaintiff has failed to name his actual employer in this action; GCLR, LLC, in favor of naming AUA, an entity for which GCLR provides administrative services by contract, as is the case with respect to plaintiff's attempt at defense of the motion herein challenging the jurisdiction of this Court over the person of AUA (or GCLR), while a first blush, casual review of the documents that plaintiff submits to support his contention, including the email of Mary McGillicuddy, confirming plaintiff's hire, and which identifies her as a director of admissions for AUA, the objective facts and closer scrutiny of the documents undermines plaintiff's claim.

10. It is the case that Mary McGillicuddy, herself, is an employee of GCLR, LLC and not AUA. One of the services that GCLR, LLC provides for AUA is recruitment of students for AUA's various schools and supervision of the admissions process for the school (with the exception of determining which students the school ultimately will accept). As such, her role as an employee of GCLR is director of admissions for AUA.

11. Such was the case with plaintiff himself. He was hired to be an assistant director of admissions for AUA's nursing school; however, he was not employed by AUA. He was employed by GCLR, as his paychecks, benefits programs, tax documents etc. all plainly stated. (Documentary evidence of this has been submitted through defendant's motion papers.)

12. Accordingly, plaintiff's attempt to defend against that portion of defendant's motion as seeks dismissal for failure to name his actual employer in this case must fail.

13. The same is true with respect to the balance of plaintiff's defense of defendant's motion. As a matter of law, plaintiff cannot maintain his claims under the New York City Human Rights Law because he allowed those claims to proceed to final administrative determination, which constitutes an election of remedies.

14. As for plaintiff's claims sounding in retaliation, these are claims asserted by plaintiff for the first time in his complaint. He did not raise these claims before the EEOC or the New York State Division of Human Rights, the EEOC or any other administrative agency.

15. Moreover, he provides no factual basis in his complaint to establish that he was fired in retaliation for any act, failure to act or otherwise.

16. Plaintiff argues that he was fired because AUA was unwilling to provide him an accommodation for his alleged medical condition. While not relevant on this motion to dismiss, were this case to go beyond this motion, defendant will show the Court that plaintiff had provided no indication or notice to anyone at GCLR or AUA prior to his termination tending to indicate that he had any medical condition for which an accommodation was needed; nor did he ever, prior to his termination, ever ask for any accommodation.

17. The letter from his medical care provider that he submits was not delivered until after he was terminated and the email that he submitted in the administrative proceedings that he claims constituted the only notice that he asserted he gave about his alleged condition, plaintiff had fraudulently altered so as to include the notice.

18. It was, in no small part, because of this fraudulent act, that the NYS Division of Human Rights and Office of Equal Employment Opportunity denied his claims. Failure to provide any evidence other than the belated letter of his counselor and the fraudulent email also played a significant part of the determinations.

WHEREFORE, your affirmant, on behalf of defendant, respectfully requests that plaintiff's motion be denied and that the court award to defendant such other and further relief as it deems just and equitable

_____
Leonard A. Sclafani, Esq. (ls8306)

STATE OF NEW YORK, COUNTY OF NEW YORK

I, LEONARD A. SCLAFANI, an attorney duly licensed to practice before this court, affirm under penalty of perjury as follows:

I am counsel defendant, American University of Antigua, in this action.

On August 9, 2012, I served the within Reply Affirmation in Further Support of Defendant's Motion Dismiss on plaintiff by depositing a true copy thereof enclosed in a post paid wrapper into the care and custody of the U.S. Postal Service, all due fees prepaid and addressed to each of the following persons at the last known address set forth after each name:

Rajeev Pahuja
55 Duel Drive
Hamden, CT. 06518

_____
Leonard A. Sclafani, Esq. (LS8306)