United States Southern District of New York Court

------------------------------------------------------------X

RAJEEV PAHUJA

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 8/23/12

*Index # 11 Civ. 4607*
**SUR-REPLY (REBUTTAL) IN AFFIRMATION OF RAJEEV PAHUJA SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Plaintiff,

AMERICAN UNIVERSITY OF ANTIGUA C/O GREATER
CARRIBEAN LEARNING RESOURCES,

Defendant

------------------------------------------------------------X

RECEIVED SDNY PRO SE OFFICE   2012 AUG 23  P 4:__

## MEMORANDUM OF LAW IN SUPPORT OF SUR-REPLY(REBUTTAL) IN AFFIRMATION OF SUPPORT OF PLAINTIFFS OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SUR-REPLY(REBUTTAL) TO DEFENDANT'S REPLY IN OPPOSITION TO MOTION TO DISMISS

Rajeev Pahuja
55 Duel Drive
Hamden, CT 06518
203-589-3537

By:_____
      Rajeev Pahuja

I,I, Rajeev Pahuja Pro Se Plaitiff hereby answers in a SUR-REPLY in defendant's reply to the

Opposition in motion todismissand  disagree with American University of Antigua's c/o

Greater Carribean Learning Resource's motion to dismiss response in the above matters as

United States Southern District of New York Court

------------------------------------------------------------------X

RÀJEEV PAHUJA

*Index # 11 Civ. 4607*
**SUR-REPLY (REBUTTAL) IN
AFFIRMATION OF RAJEEV
PAHUJA SUPPORT OF
PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS**

Plaintiff,

AMERICAN UNIVERSITY OF ANTIGUA C/O GREATER
CARIBBEAN LEARNING RESOURCES,

Defendant

------------------------------------------------------------------X

RECEIVED
SDNY PRO SE OFFICE
2012 AUG 23 P 4: 11

## MEMORANDUM OF LAW IN SUPPORT OF
## SUR-REPLY(REBUTTAL) IN AFFIRMATION OF SUPPORT OF PLAINTIFFS
## OPPOSITION TO MOTION TO DIMSISS
## PLAINTIFF'S SUR-REPLY(REBUTTAL) TO DEFENDANT'S REPLY IN
## OPPOSITION TO MOTION TO DISMISS

I, Rajeev Pahuja Pro Se Plaitiff hereby answers in a SUR-REPLY in defendant's reply to the

Opposition in motion todismissand  disagree with American University of Antigua's c/o

Greater Carribean Learning Resource's motion to dismiss response in the above matters as

follows in an admit, deny, or do not have sufficient knowledge or information upon which to

base a response to this allegation, and therefore can neither admit or deny this allegation in the

above. I respectfully respect that the defendant's motion to be denied.


Rajeev Pahuja, Pro Se Plaintiff. Hereby affirms under penalty of perjury as follows:

**Paragraph No.1:**

I am an attorney duly admitted to practice before the court. I am a member of the firm of Leonard A. Sclafani P.C. attorneys for defendant American University of Antigua (Heireinafter "AUA") Herein. As such, I am fully familiar with all of the facts and circumstances surrounding the matter and hereinafter set forth.

**Response No.1:**

I do not have sufficient knowledge or information upon which to base a response to Paragraph No.1's allegation, and, therefore, can neither admit nor deny this allegation.

**Paragraph No. 2**

I submit this affirmation in reply to the opposition of plaintiff, Rajeev Pahuja, to defendant's motion for dismissal of this action for lack of jurisdiction over the person of defendant, failure to join a necessary and indispensable party, and on other grounds.

**Response. No. 2**

Paragraph No. 2 is denied and is a false allegation. A copy of an email, dated, time stampedas my offer letter from Ms.McGillycudy as Exhibit 1, is attached to the sur-reply, AUA job description, and a linkedin page of Marie McGillcuddy Current: Executive Director of Enrollment Managementat **American University of Antigua**In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." According to my offer letter The New York limited liability company was also known

as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal

Education and Medical Group India.

**Paragraph No. 3**

3. Through this affimation, defendant respectfully submits that plaintiff has not provided a

sufficient base for this court to deny defendant's motion.

**Response No. 3**

Paragraph No. 3 is denied and is a false allegation. The Court should deny the Defendant's

motion to dismiss. The motion to dismiss false alleagtions and statements were a

mischaracterizationsof the Plaintiff.. In theReply, the Defendant has made incorrect statements

against the Plaintiffwith the United States Southern District of New York Court and should deny

defendant's motion to dismiss. A serious credibility lies in the defendant of the entity named

American University of Antigua, GCLR, or Manipal Education Americas and written testimony

from Counselor Mr. Carino seeking reasonable accomodations for my severe learning

disability(Attention Deficit Disoder) and it was denied from Ms. McGillycuddy and Mr.

Woodward. Ms. McGillycuddy and Mr. Woodward were being very uncooperative and

unwilling to provide me with any reasonable accomodations for my severe learning disability

(attention deficit disorder). Plaintiff will show the court that I provided indication and notice to

Ms. McGillycuddy.My counselor asked for the reasonable accomodation on my behalf

The sensible request of the accommodation was ignored by Ms. McGillycuddy and Mr.

Woodward. It is relevant for the case to go beyond the motion because the reasonable

accomodations for my severe learning disability were denied. There is no effective procedure in

the GCLR, American University of Antigua, Manipal Education America's employee handbook
to request a reasonable accommodation for an employee suffering from a disability.

**Paragraph No. 4**

4. With respect to that aspect of defendant's motion as seeks dismissal of this action on the
ground that plaintiff failed properly to serve either defendant that he name; to wit, American
University of Antigua, or his actual employer in this employment discrimination case, defendant
has demonstrated on its motion that plaintiff's purported service of the summons and complaint
in this matter was improper and insufficient because, according to the affidavit of service of
those documents on file with this Court, that service was made at an address (2 Wall Street, New
York, New York, 10th Floor from which the entity GCLR, LLC in whose "care" plaintiff claims
his process server entrusted the papers, had moved and did not occupy as of several months
before plaintiff's service was allegedly made, and because the named defendant in this action has
never maintained an office there.

**Response No. 4**

Paragraph No. 4 is denied and is a false allegation. I reported to work at 2 Wall Street when I
was workingeveryday at AUA. The number at 212-661-8899 voicemail answering system is
named as "AUA" not GCLR. The documentary evidence of my offer letter, written job
description has been submitted as American University of Antigua College of Medicine. The
New Hire Form that Ms. McGillycuddy has signed does not state whether the employer is
American University of Antigua or GCLR.

more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin and endocrine; or a mental or psychological disorder, such as mental retardation, developmental disability, organic brain syndrome, emotional or mental illness, and **specific learning disabilities**. It includes, but is not limited to, such diseases and conditions as orthopedic, visual, speech and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, alcoholism, substance abuse, and drug addition. NYC Admin. Code §8-102(16)(b). Attention Deficit Disorder is a specific learning disability.

**Paragraph No .6**

It must be noted that none of the documents that plaintiff submits in the opposition to motion, which to the casual eye, might lead one to conclude that AUA, and not GCLR, was plaintiffs employer or had an office at 2 WALL street, New York, are dated any time at, subsequent to the date that defendant has demonstrated, it moved from the 2 Wall Street address.

**Response No. 6**

Paragraph No. 6 is denied and is a false allegation. I reported to work at 2 Wall Street when I was working everyday at AUA. The number at 212-661-8899 voicemail answering system is named as "AUA" not GCLR. The documentary evidence of my offer letter, written job description has been submitted as American University of Antigua College of Medicine. The New Hire Form that Ms. McGillycuddy has signed does not state whether the employer is American University of Antigua or GCLR.

A copy of my email, dated, time stampedas my offer letter from Ms.McGillycudy as Exhibit 1, is attached to the sur-reply, AUA job decription, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment Management at **American University of Antigua**.In an offer letter dated, time stamped, dated, April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

**Paragraph No. 7**

As for the second of the above stated ground for dismissal of plaintiff's complaint based on lack of service of process; to wit, that, contrary to defendant's claims, the named defendant never maintained an office, and was not served at,  2 Wall Street, or elsewhere in the Unites States, it is submitted that a close review of each of the documents that plaintiff submits in an attempt to show that he was employed by AUA and not GCLR, LLC and that AUA did have offices at 2 Wall Street indicate state that the address given for AUA at 2 Wall Street was 'in care of' GCLR, LLC at that address and/or at that GCLR, was the "agent for, AUA.

**Response No. 7**

Paragraph No . 7 is denied and is a false allegation. A copy of an email, dated, time stampedas my offer letter from Ms.McGillycudy as Exhibit 1, is attached to the sur-reply, AUA job description, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment Management at **American University of Antigua**In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director

of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India. In the offer letter dated April 6, 2009, Marie McGillycuddy wrote "AUA administrative office is located on "Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email: info@auamed.orgwww.auamed.orgAccording to my offer letter The New York limited liability company is also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.

## Paragraph No. 8

Assuming arguendo, however, that AUA, did maintain an office at any time at the 2 Wall Street address where plaintiff's summons and complaint was allegedly served, plaintiff offers noting that even remotely would tend to suggest that either GCLR or AUA were in occupancy of those offices or was served as stated in the affidavit of service at that address of elsewhere as, and when it is claimed that such service was made.

## Response No. 8

Paragraph No .8is denied and is a false allegation. A copy of an email, dated, time stamped as my offer letter from Ms. McGillycudy as Exhibit 1, is attached to the sur-reply, AUA job description, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment Management at **American University of Antigua**  In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000

per year." According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India. In the offer letter dated April 6, 2009, Marie McGillycuddy wrote "AUA administrative office is located on "Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email: info@auamed.orgwww.auamed.org  According to my offer letter The New York limited liability company is also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.  The Court granted an extension of plaintiff time to serve summons and complaint. Judge Englemayer authorized the extension to serve summons and complaint to the defendant.

## Paragraph No. 9

Turing to plaintiff defense of that portion of defednat's motion as seeks dismissal of the complaint because plaintiff has failed to named his actual employer employer in this actor; GCLR, LLC, in favor of naming AUA, and entity for which GCLR provides administrative services by contract, as is the case with respect to plaintiff's attempt at defense of this motion herein challenging the jurisdiction of this court over the person of AUA( or GCLR), while a first blush, casual reiew of the documents that plaintiff submits to support his contention, including the email of Marie McGillycuddy, confirming plaintiff's hire, and which identifies her as a director of admissions for AUA, the objective facts and closer scrutiny of the documents undermines plaintiff's claims.

## Response No. 9

Paragraph No .9is denied and is a false allegation. A copy of an email, dated, time stamped as my offer letter from Ms. McGillycudy as Exhibit 1, is attached to the sur-reply, AUA job description, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment Management at **American University of Antigua** In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India. In the offer letter dated April 6, 2009, Marie McGillycuddy wrote "AUA administrative office is located on "Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email: info@auamed.orgwww.auamed.org According to my offer letter The New York limited liability company is also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.  The objective facts of my offer letter confirming my hiring, including the email of MsMcGillycuddy, which identifies her as a Director of Admissions for AUA, and closer scrutiny of the AUAdocuments undermines defendant's claims that they are AUA.

**Plaintiff No. 10**

It is the case that Mary McGillcuddy, herself, is an employee of GCLR, LLC not AUA. One of the services that GCLR, LLC provides for AUA is recruitment for AUA's various schools and supervision of the admission process for the school (with the exception of determining which students the school ultimately will accept). As such, her role as an employee of GCLR is director of admissions for AUA.

**Response No. 10**

Paragraph No .10 is denied and is a false allegation. A copy of an email, dated, time stamped as my offer letter from Ms. McGillcudy as Exhibit 1, is attached to the sur-reply, AUA job description, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment Management at **American University of Antigua**  In an offer letter dated April 6, 2009, Marie McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India. In the offer letter dated April 6, 2009, Marie McGillycuddy wrote "AUA administrative office is located on "Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email: info@auamed.orgwww.auamed.org  According to my offer letter The New York limited liability company is also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India.  The objective facts of my offer letter confirming my hiring, including the email of MsMcGillycuddy, which identifies her as a Director of Admissions for AUA, and closer scrutiny of the AUA documents undermines defendant's claims that they are AUA.Marie McGillycuddy'slinkedin profile which is aa public professional networking website states as Exhbit1 to the Sur-Reply. Marie McGillycuddy wrote: **Current:** Executive Director of Admissions at American University of Antigua **Past:**Director of Admissions at American University of Antigua. Specialities: Recruitment, follow up, tracking, projecting, and overall higher education analysis.

**Paragraph No. 11**

Such was the case with plaintiff himself. He was hired to be an assistant director of admission for AUA's nursing school; however he was not employed by AUA. He was employed by GCLR, as his paychecks, benefits, programs, tax documents, etc. all plainly stated. (Documentary evidentce of this has been submitted through defendant's motion papers).

## Response No. 11

Paragraph No .11 is denied and is a fabricated allegation of me hired as assistant director of admissions for AUA's nursing school. A copy of an email, dated, time stamped as my offer letter from Ms. McGillcudy as Exhibit 1, is attached to the sur-reply, AUA job description, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment Management at **American University of Antigua**  In an offer letter dated April 6, 2009, Marie McGillyuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year." According to my offer letter The New York limited liability company was also known as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal Education and Medical Group India. In the offer letter dated April 6, 2009, Marie McGillcuddy wrote "AUA administrative office is located on "Two Wall Street 10th Floor New York, NY 100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email: info@auamed.orgwww.auamed.org  According to my offer letter The New York limited liability company is also known as American University of Antigua c/o of Greater Caribbean Learning Resources ManipalEducation and Medical Group India.  The objective facts of my offer letter confirming my hiring, including the email of MsMcGillcuddy, which identifies her as a Director of Admissions for AUA, and closer scrutiny of the AUA documents undermines defendant's claims that they are AUA. Marie McGillcuddy'slinkedin profile which is aa public

professional networking website states as Exhbit1 to the Sur-Reply. Marie McGillycuddy wrote:

**Current:** Executive Director of Admissions at American University of Antigua **Past:** Director of

Admissions at American University of Antigua. Specialities: Recruitment, follow up, tracking,

projecting, and overall higher education analysis. Benefits, programs all plainly stated AUA.

**Paragraph No.12**

Accordingly, plaintiff's attempt to defend against that portion of defendant's motion as seeks

dismissal for failure to name his actual employer in this case must fail.

**Response No. 12**

Paragraph No .12 is denied and is a false allegation. A copy of an email, dated, time stamped as

my offer letter from Ms. McGillycudy as Exhibit 1, is attached to the sur-reply, AUA job

description, and a linked in page of Marie McGillcuddy Current: Executive Director of Enrollment

Management at **American University of Antigua**  In an offer letter dated April 6, 2009, Marie

McGillycuddy wrote "[I] am pleased to offer you employment as the Senior Associate Director

of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000

per year." According to my offer letter The New York limited liability company was also known

as American University of Antigua c/o of Greater Caribbean Learning Resources Manipal

Education and Medical Group India. In the offer letter dated April 6, 2009, Marie McGillycuddy

wrote "AUA administrative office is located on "Two Wall Street 10th Floor New York, NY

100005 Tel 212-661-8899 Fax: 212-661-8864. 1-888-AUA-MED (1-888-282-8633) Email:

info@auamed.orgwww.auamed.org  According to my offer letter The New York limited liability

company is also known as American University of Antigua c/o of Greater Caribbean Learning

Resources Manipal Education and Medical Group India.  The objective facts of my offer letter

confirming my hiring, including the email of MsMcGillycuddy, which identifies her as a

Director of Admissions for AUA, and closer scrutiny of the AUA documents undermines

defendant's claims that they are AUA. Marie McGillycuddy'slinkedin profile which is aa public

professional networking website states as Exhbit1 to the Sur-Reply. Marie McGillycuddy wrote:

**Current:** Executive Director of Admissions at American University of Antigua **Past:** Director of

Admissions at American University of Antigua. Specialities: Recruitment, follow up, tracking,

projecting, and overall higher education analysis.

## Paragraph No. 13

The same is true with respect to the balance of plaintiff's defense of defendant's motion. As a

matter of law, plaintiff cannot maintain his claims under the New York City Human Rights Law

because he allowed those claims to proceed to final administrative determination, which

constitutes an election of remedies.

## Response No. 13

Paragraph No. 13 is denied and is a false allegation. Plaintiff concedes that because he filed a claim

with the New York State Division of Human Rights that his CHRL claims remain properly open before

the Court because he did not raise them before the New York State Division of Human Rights. Although

it was in Pahuja'saffidavidt with the New York State Division of Human Rights under NYC

Administrative code §8-102(16)(b). The New York State Division of Human Rights did not

investigate my complaint under the CHRL NYC Administrative code §8-102(16)(b) and the

investigation was not concluded under CHRL. My claims are not barred under the New York

City Humans Rights Law. State law claim is dismissed but not the city law claim.

## Paragraph No. 14

As for plaintiff claims sounding in retaliation, these claims asserted by plaintiff for the first time in his complaint. He did not raise these claims before the EEOC or the New York State Division of Human Rights, the EEOC, or any other administrative agency.

## Response No. 14

Paragraph No. 14 is denied and is a false allegation. The claims were raised before the New York State of Division of Human Rights and EEOC.  The fact was stated in Pahuja's New York State Division of Human RightsAffidavit of Illegal Discriminatory Practice Exhibit 2  "A motivating factor behind the termination of my employment was respondent's retaliation against me for asserting my rights to an accommodation under the provisions of the Americans with Disabilities Act, New York State Human Rights Law, and the New York City Human Rights Law." I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor MrCarpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino written testimony states "In the conference call with myself, David Carpino, MsMcgIllycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant failed to enter into any type of interactive dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to request a reasonable accommodation for an employee suffering from a disability.

**Paragraph No. 15**

Moreover, he provides no factual basis in his complaint to establish that he was fired in retaliation for any act, failure to act or otherwise.

**Response No. 15**

Response No. 15 is denied and is a false allegation. The factual basis the complaint was stated in Pahuja's New York State Division of Human Rights Affidavit of Illegal Discriminatory Practice Exhibit 2 "A motivating factor behind the termination of my employment was respondent's retaliation against me for asserting my rights to an accommodation under the provisions of the Americans with Disabilities Act, New York State Human Rights Law, and the New York City Human Rights Law."  I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor MrCarpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino written testimony states "In the conference call with myself, David Carpino, MsMcgIllycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant failed to enter into any type of interactive dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to request a reasonable accommodation for an employee suffering from a disability.

**Paragraph No. 16**

Plaintiff argues that he was fired because AUA was unwilling to provide him an accommodation for his alleged medical condition. While not relevant on this motion to dismiss, were the case to go beyond this motion, defendant will show the Court that plaintiff has provided no indication or notice to anyone at GCLR or AUA prior to his termination tending to indicate that he had any medical condition for which an accommodation was needed; nor did he ever, prio to his his termination, ever ask for any accomodations.

## Response No. 16

Paragraph No. 16 is denied and is a false allegation. Mr. Woodward and Ms. McGillycuddy were very uncooperative or providing me a reasonable accommodation for my medical condition. I did ask for a reasonable accommodation from Ms. McGillycuddy and she denied the reasonable accommodation. Ms. McGillycuddy and Mr. Woodward regarded me as having a perceived disability. In  McGillcuddy affidavit with the NYS State Divisin of Human Rights wrote "Supposed Mr. Pahuja has some form of a learning disability."I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor MrCarpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino written testimony states "In the conference call with myself, David Carpino, MsMcgIllycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant failed to enter into any type of interactive dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no

effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to

request a reasonable accommodation for an employee suffering from a disability.

**Paragraph No. 17**

The letter from his medical provider that he submits was not delivered until after he was

terminated and the mail that he submitted in the administrative proceedings that he claimes

constituted the only notice that he asserted he gave about his alleged condition, plaintiff had

fraudulently altered as to include this notice.

**Response No.17**

Paragraph No. 17 is denied and is a false allegation. The letter from my medical provider was not

delivered until after I was terminated. I offered to submit the medical documentation during my

employment at AUA but Ms. McGillycuddy refused to look at the medical documentation  I

never fradulently altered any email. Based on the New York State Division of Human Rights

findings it was never proven that the email was ever fraudulently altered. There is no effective

procedure in the GCLR, American University of Antigua, Manipal Education America's

employee handbook to request a reasonable accommodation for an employee suffering from a

disability. I am unaware of the name and identity of entity that employed me and never

fraudulently altered any email based on not knowing the identity of the New York limited

liability company AUA, GCLR, Manipal Education Americas.

**Paragraph No. 18**

Thereafter, on March 31, 2011, the US Equal Employment Opportunity Comission, by Dismissal and Notice of Rights (Exhibit "D") having adopted the findings of the New York State Division of Human Rights, dismissed on its merits plaintiff's NY state claims based on New York State law not on NYC Admin. Code §8-102(16)(b) CHRL. There is no effective procedure in the GCLR, American University of Antigua, Manipal Education America's employee handbook to request a reasonable accommodation for an employee suffering from a disability. I am unaware of the name and identity of entity that employed me and never fraudulently altered any email based on not knowing the identity of the New York limited liability company AUA, GCLR, Manipal Education Americas. EEOC never denied the claims. A federal employment discrimination case cannot be filed in federal court without first going to the EEOC or the New York State Division of Human Rights, and having the EEOC dismiss my claim. This process is called "exhaustion" of my administrative remedies. Exhaustion is not required to proceed with a discrimination claim under the CHRL. The EEOC must first issue the document known as "Dismissal and Notice of Rights" or "Notice of Right to Sue" (Form 161) before you can file a case based upon your federal claim. A lawsuit based on my federal discrimination claim **"Americans with Disabilities Act"** must be filed in federal court within **90 days** of the date I received the EEOC right to sue letter. "  I am victim of "retaliation" for seeking reasonable accomodations on the job. My rehabilation counselor Mr Carpino requested reasonable accommodation on my behalf from Ms. McGillycuddy and Mr. Woodward and it was denied from the both of them. Under the Americans with Disabilities Act, an employer must give a reasonable accommodation from a disability such as mine. Exhibit "E" of the Defendant's Motion to Dismiss David Carpino written testimony states "In the conference call with myself, David Carpino, Ms Mcg Illycuddy, and Mr. Woodward I described services available such as On-The Job-Training, Job Coaching to help and Individual retain his/her job. This fact supports the claim that I was in need of a reasonable accommodation and defendant

failed to enter into any type of interactive dialogue to discuss the nature of my disability and the type of accommodations that I would require. On the form I did make a statement that there is no effective procedure in the GCLR, AUA, Manipal Education Americas employee handbook to request a reasonable accommodation for an employee suffering from a disability.

### Plaintiff's Conclusion

Wherefore, respectfully request defendant's motion to dismiss counterclaims, costs, disbursements, and attorney fees must be denied. The Court should respectfully grant the plaintiff monetary damages such as back pay, emotional distress damages, punitive damages, and front pay with such other and further relief as this court deems to be just and equitable being a victim of "Retaliation" for being denied reasonable accomodations for my severe learning disability (Attention Deficit Disorder).Request for an accomodation was made from my rehabilitation counselor witness Mr. Carpino. It is clearly impermissible and illegal to deny an accommodation under NYC Administrative Code Disability Definition §§8-102 16(b)(a) **Specific Learning Disabilities** (Attention Deficit Disorder) and under federal law Americans with Disabilities Act Title 42 U.S.C. §§ 12112-12117.

Very Truly Yours,

Rajeev Pahuja, Pro Se Plaintiff

# EXHIBIT 1



## YAHOO!® MAIL
Classic

**AUA**

Monday, April 6, 2009 5:00 PM

From: "Marie McGillycuddy" <mmcgillycuddy@AUAMED.ORG>
To: "Rajeev Pahuja" <pahujara@yahoo.com>
1 File (1287KB)



Rajeeve ...

Hi Rajeev,

I apologize for not sending this over the weekend. Check it out and let me know if you have any questions.

-Marie

**Marie McGillycuddy**
**Regional Director of Admissions**
**AMERICAN UNIVERSITY OF ANTIGUA**
College of Medicine | School of Nursing
International College of Arts and Life Science - Antigua
**KASTURBA MEDICAL COLLEGE**
International Center
c/o GCLR, Inc.
Two Wall Street , 10th Floor
New York , NY 10005
917.940.4006 ( Mobile )
646.834.9164 (Office)
SKYPE: Marie McGillycuddy or mbjmny@hotmail.com

www.auamed.org

DISCLAIMER: This message is for the named person's use only. It
may contain confidential, proprietary or legally privileged
information. No confidentiality or privilege is waived or lost by
any mis-transmission. If you receive this message in error,
please immediately delete it and all copies of it from your
system, destroy any hard copies of it and notify the sender. You
must not, directly or indirectly, use, disclose, distribute,
print, or copy any part of this message if you are not the
intended recipient. GCLR LLC, and any of its subsidiaries each
reserve the right to monitor all e-mail communications through

its networks. Any views expressed in this message are those of
the individual sender, except where the message states otherwise
and the sender is authorized to state them to be the views of any
such entity.

 

## OFFER OF EMPLOYMENT:

Dear Rajeev Pahuja:

I am pleased to offer you employment as the Senior Associate Director of Admissions of the Nursing School at the American University of Antigua at a rate of $56,000 per year.

## *Job Description:*

Under the direction of one of the Regional Directors of Admissions, the Associate Director of Admissions is broadly responsible for the following activities and outcomes in his or her assigned geographic territory:

## OUTREACH:

Creating productive and ongoing relationships with pre-professional academic advisors at colleges and universities within a specified geographic area.

Generating new leads by arranging and delivering presentations to key pre-medical, pre-nursing student interest groups at their regularly-scheduled meetings.

Conducting and participating in regional information sessions.

## INTERVIEWS:

Interviewing formal applicants for the Nursing school once they have submitted all of the required credentials.

Writing and submitting a formal recommendation of the candidate to the Admissions Committee.

## FOLLOW-UP:

By telephone, assisting accepted students in completing all of the necessary preparations to attend AUASON.

---

**Administrative Office:** Two Wall Street 10ᵗʰ Fl
New York, NY 10005
**Tel:** 212 - 661-8899 Fax: 212 - 661-8864
1-888-AUA-UMED (1-888-282-8633)
**Email:** info@auamed.org  www.auamed.org

**Manipal Education & Medical Group**
Manipal 576104 India
**Tel:** 91-820 2571978/79 Fax: 01-820 2571982/257062
**Email:** kmc_auamed.@manipal.edu
www.manipal.edu



AMERICAN
UNIVERSITY
of ANTIGUA
COLLEGE OF
MEDICINE

*CO Greater Caribbean Learning Resources*

KASTURBA
MEDICAL
COLLEGE

Manipal
INSPIRED BY LIFE

## ADMINISTRATION:

Data base management of students from leads to prospects to applicants to accepted students to new student starts.

Reports on activity and outcomes, including expense reports.

As we have discussed, your work schedule will be Monday through Friday from 9a.m.-5p.m. as well as some evening and weekend work. Travel will also be required once recruitment territories have been established. As agreed, your first day of work will be Tuesday, April 21st 2009. I am happy that you have chosen to work with us. On behalf of the Admissions team and AUA I welcome you and look forward to the 21st of April!

Regards,

Marie B. McGillycuddy
Regional Director of Admission

**Administrative Office:** Two Wall Street 10th Fl
New York, NY 10005
**Tel:** 212 - 661-8899 **Fax:** 212 - 661-8864
1-888-AUA-UMED (1-888-282-8633)
**Email:** info@auamed.org  www.auamed.org

**Manipal Education & Medical Group**
Manipal 576104 India
**Tel:** 91-820 2571978/79 **Fax:** 01-820 2571982/257062
**Email:** kmc_auamed.@manipal.edu
www.manipal.edu


BETA

**Compose Mail**

| Rose | Search Mail | Search the Web | Show search options
Create a filter

**Inbox (4574)**
Starred ☆
Chats ♡
Sent Mail
Drafts (4)
All Mail
**Spam (77)**
Trash

College & University Jobs - www.HERCjobs.org - Over 14,000 faculty, staff and executive j

« Back to Search results    Report Spam    Delete    More actions...

‹ Newer 2 of 25 Older ›

**Contacts**

▼ Quick Contacts
Search, add, or invite

● Rajeev Pahuja
   Set status here ▼
● Chris Fraccaro
● Edwina Saddington
● MARISSA GIORD...
● Rachna Fraccaro
● Roy
● s m
● Sonalee Bollywoo...
   dominic
   Facebook Support
   Ferrall, Jill A.

▼ Labels
Personal
Receipts
Travel
Work          Show all
   Edit labels

▼ Invite a friend
Give Gmail to:

[        ]
Send Invite  50 left
preview invite

# Re:AUA posting for the same position I had

☆ ❤ **Rajeev Pahuja**  show details Jul 7   ↩ Reply

Dear Attorney Rose,

AUA told me that they were not going to fill my position with anyone else. Enclosed is the job description.

Thanks,

Rajeev

Educational Representative

Apply for this Position through My HigherEdJobs

Save to your Organizer

Email to a Friend

Print-friendly version

| Institution: | **American University of Antigua** |
|---|---|
| Location: | New York, NY |
| Category: | ● Admin - Admissions and Enrollment |
| Posted: | 07/07/2009 |
| Application Due: | Open Until Filled |
| Type: | Full Time |

The American University of Antigua, College of Medicine, (NYC Office) is seeking an Educational Representative for a young, vibrant and growing nursing school. The candidate will be responsible for coordinating all phases of the University's student recruitment efforts. Successful candidates must have excellent oral and written communication skills, strong computer skills and outstanding interpersonal skills.

The candidate can expect to conduct student interviews, information sessions, with overall

🖵 New window
🖶 Print all
🖊 Turn off highlighting

· Would you like to...

🗺 Map this
   2 Wall Street
   NY, NY 10005

🗺 Map this
   2 Wall Street
   New York, NY 10005

Sponsored Links

SAS Enrollment Mgmt Software helps universities set enrollment goals!
www.sas.com

Teach in NYC While Earning a Master's Degree and Full Salary!
www.NYCteachingfellows.org

Help your child achieve on exams & what admissions officers look for.
AppelrouthTutoringEvent.webex.com

Fairfield University Nursing Continuing Nursing Programs
www.fairfield.edu/son

Internet marketing, social media marketing & more
www.smallofficeassistant.com

Find the Student Loan You Need. No Payments While You're in School.
www.WellsFargo.com/student

Genesis HealthCare is hiring DONs. Enjoy benefits, flexibility & more!
www.GHCJobs.Apply2Jobs.com

**More about...**
Examples of Cover Letter »

**Compose Mail**

**Inbox (4574)**
Starred ☆
Chats ♡
Sent Mail
**Drafts (4)**
All Mail
Spam (77)
Trash

**Contacts**

▼ Quick Contacts

Search, add, or invite

🔵 Rajeev Pahuja
   Set status here    ▼
⚬ Chris Fraccaro
⚬ Edwina Saddington
⚬ MARISSA GIORD...
⚬ Rachna Fraccaro
⚬ Roy
⚬ s m
⚬ Sonalee Bollywoo...
   dominic
   Facebook Support
   Ferrall, Jill A.

▼ Labels
Personal
Receipts
Travel         Show all
Work
          Edit labels

▼ Invite a friend
Give Gmail to:

[                    ]
[Send Invite] 50 left
preview invite

responsibility for managing student contact from time of inquiry to enrollment. Some night and weekend work is required; travel is required. A driver's license is a must. Most work days will be in our NYC (Wall Street) office.

Previous college admissions experience preferred; Bachelor's degree required.

Interested applicants should submit their cover letter, resume, salary history and list of three references by email to:

Marie B. McGillycuddy
Director of Admission
AUA College of Medicine
2 Wall Street, Floor 10
NY, NY 10005
mmcgillycuddy@auamed.org

# Application Information

📝
Apply for this Position through My HigherEdJobs

|                    | Marie B. McGillycuddy |
|--------------------|------------------------|
|                    | Admissions |
| **Postal Address:** | American University of Antigua - College of Medicine |
|                    | 2 Wall Street, Floor 10 |
|                    | New York, NY 10005 |
| **Email Address:** | mmcgillycuddy@auamed.org |

↩ Reply  → Forward

[                                        ]

« Back to Search results   [Report Spam]   [Delete]   [More actions...▼]   ‹ Newer
                                                                            2 of 25
                                                                            Older ›

Example Resume »
Security Guard Job »
College Admissions Help »

About these links

Get **Gmail** on your phone. It's super-fast. Visit http://mobile.google.com/ on your phone's web browser.  Learn more

You are currently using 420 MB (5%) of your 7350 MB.

Gmail view: **standard with chat** | standard without chat | basic HTML
Learn more

©2009 Google - Terms - Gmail Blog - Google Home

# EXHIBIT 2

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**
**AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE**

RECEIVED
JUL 2 2 2009
INTAKE UNIT

NYSDHR NUMBER: _10135294_      EEOC NUMBER: _16G A905137_

My name is **Rajeev Pahuja** and I reside at **55 Duel Drive, Hamden, CT 06518**
The respondent is **American University of Antigua,** whose business addresses is **2 Wall Street, 10th Floor New York, NY 10005 attention: Legal Department, General Counsel, Leonard Sclafani Esq.**

I was

**(X) terminated on or about**              June 5, 2009

( )  suspended on or about              _____

( )  laid off on or about               _____

( )  not recalled on or about           _____

( )  demoted on or about                _____

( )  harrassed on or about              _____

( )  transferred on or about            _____

( )  sexually harassed on or about      _____

( )  warned on or about                 _____

( )  earning unequal pay on or about    _____

( )  poorly evaluated on or about       _____

( )  denied a raise on or about         _____

( )  retaliated against on or about     _____

( )  less trained on or about           _____

( )  not hired on or about              _____

( ) not reasonably accommodated on or about

( ) discriminated against

( ) race

( ) color

( ) sex [ ] male [ ] female

( ) age DOB

( ) sexual orientation

( ) pregnancy

(X) disability

were in part of a factor in this action. I believe that the respondents violated the following

New York State and City General Statues and other acts listed below:

**(X) 296 (1-a) (b) (c)**

**(X) 8-102 (16) (a)**

( ) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil
Rights Act of 1991 (15 or more employees)
( ) Age Discrimination in Employment Act of 1967
**( X ) Americans with Disabilities Act, 42 U.S.C.   12101 et seq.**
( ) Equal Pay Act of 1964, U.S.C. 206
( ) Other:

## AFFIDAVIT OF RAJEEV PAHUJA

1. I am a citizen of the United States of America and resides at 55 Duel Drive, Hamden, Connecticut.

2. The respondent is American University of Antigua.

3. American University of Antigua has a principle place of business at 2 Wall Street, 10th Floor New York, New York 10005.

4. Upon information and belief, the respondent employs more than fifteen individuals.

5. The respondent hired the complainant on April 21, 2009 as Senior Associate Director of Admissions, Nursing.

6. My immediate supervisor was Marie McGillycuddy.

7. During the entire course of my employment with the respondent, I performed my duties and responsibilities in a proficient and competent manner.

8. Based on my job performance I received praise from the respondent on numerous occasions.

9. In an email to Dick Woodward VP of Enrollment Management dated April 21, 2009, Marie McGillycuddy wrote, "[I] am excited that Rajeev has joined our ever-so growing and successful team I am confident that Rajeev will do a wonderful job and help our nursing program get to where it needs to be---ON THE TOP!" *Exhibit 1*

10.   In an email to Rajeev Pahuja, dated April 24, 2009, Marie McGillycuddy wrote
"[Y]ou have organized a method to contacting the students that we currently have
in the database and setup parameters for you and Megan in regards to the point
above" *Exhibit 2*

11   In an email to Rajeev Pahuja, dated April 29, 2009, Marie McGillycuddy wrote
"[P]erfect looks good to me!" *Exhibit 3*

12.   In an email to Rajeev Pahuja, dated May 1, 2009, Marie McGillycuddy wrote
"[E]xcellent emailing" *Exhibit 4*

13.   In an email to Rajeev Pahuja dated May 5, 2009, Marie McGillycuddy wrote
"[T]hanks a bunch Rajeev!" *Exhibit 5*

14.   In an email to Rajeev Pahuja dated May 5, 2009, Marie McGillycuddy wrote
"[E]xcellent! Thanks Rajeev!" *Exhibit 6*

15.   In an email to Rajeev Pahuja dated May 11, 2009, Marie McGillycuddy wrote
"[T]his is excellent" referring to the marketing plan that I created and wrote.
*Exhibit 7*

16.   In an email to Rajeev Pahuja and Marie McGillycuddy dated May 26, 2009 Dick
Woodward, VP of Enrollment Management wrote "[E]xcellent" *Exhibit 8*

17.   In an email to Rajeev Pahuja dated May 29, 2009 Marie McGillycuddy wrote
[E]xcellent Rajeev! See you tomorrow morning in New Rochelle! *Exhibit 9*

18.   In an email to Rajeev Pahuja dated June 3, 2009 Marie McGillycuddy wrote
"[O]kay.....gracias for the clarification!" *Exhibit 10*

19.   After being hired by the respondent, In an email I wrote to Marie Mcgillycuddy
dated May 5, 2009, "wanted to inform you that I have a learning disability that

requires an accommodation." *Exhibit 11*

20.   I informed the respondent in writing that I suffer from a learning disability and a request for an accommodation that needed more training time to become proficient at my job duties.

21.   The respondent ignored my sensible requests that I be provided with a reasonable accommodation more training time to become proficient as the job duties.

22.   The respondent failed to enter into any type of interactive dialogue with me to discuss the nature of my disability and the type of accommodations that I would require.

22.   I have a record of a doctor's note being afflicted with "attention deficit disorder" and the defendant had full knowledge of my learning disability, attention deficit disorder and a request for an accomodation. *Exhibit 12*

23.   Despite the favorable comments regarding the complainant's job performance, the respondent terminated the complainant's employment on June 5, 2009.

24.   The respondent had no legitimate reason to terminate the complainant's employment.

25.   Although the complainant's learning disability adversely impacts his major life activities, including working and training, the complainant has been able to overcome his impairment when provided a reasonable accommodation.

26.   As a result of his learning disability, it took additional time for the complainant to become proficient in performing his duties and responsibilities.

27.   Although taking longer to complete his job tasks, the complainant, nevertheless, effectively and capably performed the essential functions of his job.

28.   The additional time that it took the complainant to complete his job assignments did not result in an undue burden on the respondent's operations.

29.   In fact, the complainant excelled in performing the assignments that were given to him and received positive job reviews as a result.

30.   However, with more additional time, I would be able to perform the duties and carry out the responsibilities of his job.

31.   The respondent was motivated by my disability when it terminated his employment.

32.   There was not a legitimate, non-discriminatory reason that justified the respondent's termination of my employment.

33.   The reasons advanced by the respondent for terminating my employment, is a pretext to camouflage the respondent's unlawful discrimination.

34.   The reason advanced by the respondent for terminating the complainant's employment is contradicted by the respondent's acknowledgement in writing of the excellent job performance.

35.   The respondent violated the provisions of New York State General Statutes §296 (1-a) (b) (c) because they discriminated against me on account of my disability by terminating my employment as a result of my disability.

36.   The respondent violated the provision of New York City General Statues §8-102 (16) (a) because they discriminated against me on account of my disability by terminating my employment as a result of my disability.

37.   New York State Human Rights Law defines disability as any physical, medical, mental, psychological impairment, or a history or record of any impairment.

38. New York City Human Rights Law defines disability as any physical, medical, mental, psychological impairment, or a history or record of any impairment.

39. For purposes of the New York State Human Rights Law, the respondent regarded me as being disabled.

40. For purposes of the New York City Human Rights Law, the respondent regarded me as being disabled.

41. For purposes of the Americans with Disabilities Act, the respondent regarded me as being disabled.

42. I was fully capable of performing the essential functions of my job, Senior Associate Director of Admissions, Nursing.

43. The respondent terminated my employment for reasons solely based on his disability.

44. I suffer from a disability as that term is defined under the Americans with Disabilities Act, New York City Human Rights Law, and New York State Human Rights Law.

45. I am a qualified individual with a disability as that term is defined under the provisions of the Americans with Disabilities Act.

46. I suffer from a disability, which the respondent regards as substantially limiting the complainant's major life activities including the major life activity of work.

47. The complainant is fully capable and qualified to perform the essential functions of his job as Senior Associate Director of Admissions, School of Nursing.

48. A motivating factor in the termination of my employment was my learning disability-attention deficit disorder.

49. On June 5, 2009, without cause or good reason, the defendant terminated my

employment.

50.     Prior to my termination, I was never given any warnings from the
        respondent that I was not meeting job standards.

51.     On June 5, 2009 David Carpino my counselor informed Marie
        McGillycuddy and Dick Woodward that I suffered from a learning disability,
        attention deficit disorder. *Exhibit 13*

52.     On July 2, 2009 Attorney Jesse Rose wrote a letter to respondent's General
        Counsel Leonard Sclafani stating that I suffered from a learning disability and
        that I was an outstanding employee. *Exhibit 14*

53.     The reasons for my termination that were given by Attorney Sclafani to Attorney
        Rose were baseless allegations.

54.     On June 5, 2009 there were different reasons given for my termination to
        my counselor David Carpino and Attorney Jesse Rose.

57.     A motivating factor behind the termination of my employment was respondent's
        retaliation against me for asserting my rights to an accommodation under the
        provisions of the Americans with Disabilities Act, New York State Human Rights
        Law, and the New York City Human Rights Law.

58.     The respondent is hiring an educational representative in the nursing department
        who does not suffer from a learning disability-attention deficit disorder.

        *Exhibit 15*

Complainant

_Rajeev Pahuja_
Rajeev Pahuja

_07-22-2009_
Dated

Subscribed and sworn to me before me by Rajeev Pahuja, this _22_ day of
_July_, 2009.

_____
Commissioner of the Superior Court

JEANNE L. ORTIZ
Notary Public, State of New York
Qual. in Bronx Co. No. 01OR6154559
Commission Expires Oct. 23, 2010

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE: |
| New York District Office | Rajeev Pahuja |
| 33 Whitehall Street, 5th Floor | THIS PERSON (Check one): |
| New York, New York 10004-2112 | Claims to be aggrieved [x] |
| | Files on behalf of other(s) [ ] |
| TO: | DATE OF ALLEGED VIOLATION: |
| American University of Antigua | 6/5/2009 |
| 2 Wall Street, 10th Floor | PLACE OF ALLEGED VIOLATION: |
| New York, NY 10005 | New York County |
| | EEOC CHARGE NUMBER: |
| | 16GA905137 |
| | FEPA CHARGE NUMBER: |
| | 10135294 |

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

       [ ]  Title VII of the Civil Rights Act of 1964
       [ ]  The Age Discrimination in Employment Act of 1967 (ADEA)
       [X]  The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the FEP Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the FEP Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of the above named FEP Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]   An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the Commission concurrently with the FEP Agency's investigation of the charge.

[X]   Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Disability

CIRCUMSTANCES OF ALLEGED VIOLATION:
      SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: July 22, 2009

                         TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                         Spencer H. Lewis, Jr.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Rajeev Pahuja
55 Duel Drive
Hamden, CT 06518

EEOC Charge Number: 16GA905137
NYSDHR Case Number: 10135294

<u>NOTICE</u>

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR).  The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed.  Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC).  All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[ ]  Title VII of the Civil Rights Act of 1964, as amended — If you want to file a <u>private</u> lawsuit in federal district court with your <u>own private</u> <u>attorney</u> because you <u>do not</u> want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a <u>Notice of Right to Sue, 180 days after you have filed your complaint.</u> Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires.  If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency.  The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[X]  The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[ ]  The Age Discrimination in Employment Act of 1967, as amended (ADEA) — If you want to file a <u>private</u> lawsuit with your <u>own private attorney</u>, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights.  This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time.  The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: July 22, 2009

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

## EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review.  This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination.  Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only.  Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: July 22, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Rajeev Pahuja_
_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

_11_ Civ. _4607_ (___) (___)

**AFFIRMATION OF SERVICE**

- against -

_American University of Antigua_
_c/o GCLR_
_____
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, _Rajeev Pahuja_ , declare under penalty of perjury that I have
          *(name)*

served a copy of the attached _Sur Reply (Rebuttal) in Affirmation of Rajeev_
                    *(document you are serving)* _Pahuja, Support of Plaintiff's_
                               _Opposition to motion_

upon _Leonard Sclafani, Senior VP and General_ whose address is _One Battery Park Plaza,_
      *(name of person served)*         _Counsel_              _New York, NY 10004_

_Mailing the Sur-Reply_
                    *(where you served document)*

by _Certified Mail_
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated:  _Hamden_ , _CT_
        *(town/city)*  *(state)*

        _8_   _18_ , 20_12_
      *(month)*  *(day)* *(year)*

                                        _RP_
                                        Signature
                                        _55 Dove Dr_
                                        Address
                                        _Hamden, CT_
                                        City, State
                                        _06518_
                                        Zip Code
                                        _203-589-3537_
                                        Telephone Number

*Rev. 05/2010*

August 18, 2012

Honorable Englemayer
United State District Courthouse
Southern District of New York
Pro Se Office, Room 230
500 Pearl  Street
New York, NY 10007-1312

Re: **Rajeev Pahuja v. American University of Antigua c/o Greater Caribbean Learning Resources**
**Case No 11 Civ 4607**
**Sur-Reply (Rebuttal) in Affirmation of Rajeev Pahuja SupportOf Plaintiff's**
**Opposition to Motion to Dismiss**


Dear Judge Englemayer:

Enclosed is the Sur Reply(Rebuttal) for your review. Mr. Diaz Pro Se Court Clerk in the Pro Se office has
allowed me to do a Sur Reply (Rebuttal) to the defendant's reply affirmation of the opposition of motion to
dismiss filed on August 9, 2012 because Attorney Sclafanihas falsified statements in the reply about me. He is
insulting the Pro Se Office, Marshalls Office, and you your Honor in serving an extension of service of my
complaint to the defendant.Through his reply of the opposition to motion to dismiss, Attorney Sclafani claims I
was hired to be an assistant director of admissions for the AUA School of Nursing which is not found to be
accurate.  Ms. McGillycuddy hired me as a Senior Associate Director of Admissions for AUA School of
Nursing.A serious issue exists as to the credibility of the defendant's claims with AUA, GCLR, and Manipal
Education Americas, LLC.

I was terminated from American University of Antigua c/o GCLR because Ms. McGillydudy and Mr.
Woodard were very uncooperativein providing me a reasonable accomodation under the Americans with
Disabilities Act and the New York City Human Rights Law. My counselor Mr. Carpino and I asked for and
indicateda need of a reasonable accommodation but it was denied from Ms. McGillycuddy and Mr.
Woodward. A reasonable accommodation was in desperate need but Mr. Woodward and Ms. McGillycuddy
refused to enter into any type of interactive dialogue or "good faith interactive process" to discuss the nature of
my disability and the type of accommodation that I would require on the job. I am a victim of "retaliation" and
I raised the claim before the New York State of Division of Human Rights and EEOC. A fact I stated in my
New York State Division of Human Rights Affidavdt of Illegal Discriminatory Practice which is attached to
the Supr Reply as Exhibit 2 in Paragraph No. 57  "A motivating behind my termination was defendant's
retaliation against me for asserting my rights to an accommodation under the provisions of the New York State
Human Rights Law, New York City Human Rights Law, and Americans with Disabilities Act." I provided a
factual basis in my affidavit complaint to establish that I was terminated for retaliation.My severe learning
disability adversely impacts my major life activities including learning, working, and training. I amable to
overcome my impairment when provided a reasonable accommodation which the defendant failed to render
me.

I respectfully request that the motion to dismiss be denied because the defendant has mischaracterized me as
the plaintiff and I am a victim of "retaliation" because of the defendant's unlawful discrimination. Please feel
free to contact me at (203)-589-3537 with any questions your Honor.

Very Truly Yours,

Rajeev Pahuja
Pro Se Plaintiff



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### Pro Se Office

**To:**     The Honorable  Judge Paul A. Engelmayer

**From:**   _S. Coretto_____, Pro Se Intake Clerk, Docket Services, Ext. __1177__

**Date:**   _8/24/12_____

*SCANNED*

**Re:**     **Pahuja v. American University of Antigual    1:11-cv-04607-PAE**

The attached document, which was received by this Office on _8/23/12_ has been submitted to the Court for filing.  The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. See Fed. R. Civ. P. 5(d)(2)(B), (4).

( )   No original signature.

( )   No Affirmation of Service/Proof of Service.

**( X )**  **Other:**  Plaintiff submits Sur-Reply.

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Office. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Office, indicating at the bottom what action should be taken.

☑  **ACCEPT FOR FILING**          ( )   **RETURN TO *PRO SE* LITIGANT**

| Comments: |
| --- |
| _____ |
| _____ |
| _____ |

*Paul A. Engelmayer*
United States District Judge
Dated:

_____
United States Magistrate Judge
Dated:

2012 SEP 26  P 12: 04
SDNY PRO SE OFFICE
RECEIVED



U.S. POSTAGE
HAMDEN, CT
AUG 18 '12
**$5.25**
AMOUNT
0005288+08

10007

1000

UNITED STATES POSTAL SERVICE

USPS
SDNY

CERTIFIED MAIL

7012 0470 0001 5791 9568

Rajeev Pahuja
55 Duet Drive
Hamden, CT 06518

Mr. Diaz
United States District Courthouse
Southern District of New York
Pro Se Office, Room 230
500 Pearl Street
New York, NY 10007-1312

first class

RECEIVED
SDNY PRO SE OFFICE
2012 AUG 23 P 4:09