# LAW OFFICES OF LEONARD A. SCLAFANI, P.C.
Attorneys at Law
One Battery Park Plaza, 33rd Fl.
New York, New York 10004
212-696-9880
l.a.s@mindspring.com

January 24. 2012

Hon. Paul A. Engelmayer, USDJ
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York

Re: Pahuja v. American University of Antigua c/o Greater Caribbean Learning Resources, 11 Civ. 4607 (PAE)

Dear Judge Engelmayer,

I am writing as counsel for the defendant in the above referenced matter in order to request an extension of two weeks of the time for defendant to submit and serve an affidavit which will provide admissible evidence of the authenticity of the stored emails that defendant has advanced as the one the plaintiff sent to his employer and to which his employer responded as discussed in the Court's Decision and Order dated December 18, 2012. I am also writing in order to request that the Court direct plaintiff forthwith to make both his computer and his Yahoo email account for the periods relevant to this matter (May 5, 2009 up through the day that he filed his complaint with the NY State Division of Human Rights, which included a copy of the email with the additions that defendant disputes) available to the forensic expert that defendant has retained to examine and report on the authenticity or lack thereof of the conflicting emails of May 5, 2009 that the Court has correctly recognized as central to plaintiff's claim that he provided notice of his claimed disability to his employer and requested an accommodation.

I have sought plaintiff's consent for both of these requests. Plaintiff has provided no response to the first request and has advised that he will not make either his computer or his Yahoo account available to defendant's expert until he receives the expert's report on the authenticity of the emails that defendant has, and has preserved.

As set forth in my affidavit filed earlier today in compliance with the Court's direction of January 17, 2013 concerning defendant's preservation of the emails at issue, the emails were preserved in three different ways:

1. The e mailbox of the recipient of the May 5, email, Marie y, plaintiff's former supervisor, and all data and contents therein for the period of time that included May 5, 2009 was backed up from Ms. McGillycuddy's laptop computer and archived onto a hard drive. The hard drive contains the original unaltered email sent by plaintiff in its original form and all associated metadata and characteristics thereof. It also contains Ms. McGillycuddy's response to plaintiff's email with all its associated metadata and other characteristics. The hard drive is in the possession, custody and control of Mr. Gardner's IT department.
2. The company's email server database which included the mailboxes and contents of all employees of the company, including, for the relevant period of time (the month of May, 2009), the mailboxes and their contents of plaintiff and of Ms. McGillycuddy were backed up onto a storage tape. That tape was stored in a locked safe located in the office of Allen DePena, the company's Director of Information Technology, and to which only he had, and has, access. That tape will also contain the backed up original May 5, 2009 emails and all of the data and characteristics associated with them.
3. The originals of the May 5, 2009 emails were preserved on the company's mail server itself. In October, 2009, Mr. DePena decommissioned the email server; however, rather than wipe it clean and dispose of it as would be the company's general practice with decommissioned servers, he stored this server in a locked storage cabinet in the company's server room. Only Mr. Gardner, Mr. DePena and their subordinates in the IT department had access to the server room and to the cabinet.

Immediately after the conference before your honor in this matter on January 18, 2013, I communicated the Court's instructions to Mr. Gardner and to Mr. DePena. As I stood at the conference, I believed that they had the credentials necessary to authenticate conclusively the emails at issue from the above identified sources; and would be able to do so within a week's time. I so advised the Court. Unfortunately, both advised me on my return from Court that neither were forensic specialists with credentials that would serve to insure that their reports would be unassailable. They, in consultation with me, accordingly, set out forthwith to retain the services of an independent forensic specialist to provide the required examination of the emails and their preserved sources and to report on the findings.

They have now retained the services of Sunera, LLC, forensic information technology specialists; and in particular, the services of Director of Sunera, Frank A. Salluce, CISA, CRISC and his team. Their bios are attached.

Unfortunately, Mr. Salluce has advised that he and his team will require as much as two additional weeks to extract and analyze the information needed to provide his report from the decommissioned email server, tape and hard drive.

Accordingly, I respectfully request on behalf of defendant that the Court grant the additional time that the experts have advised that they will need in order to provide an appropriate report on the matter at issue.

With respect to my request that Mr. Pahuja be required to provide defendant's experts with access to his computer that contains the emails that he forwarded to himself from his employer's computer system in May, 2009 and his Yahoo email account for that period. Mr. Pahuja, presumably, has not deleted the emails from his computer or from his email account. It may be that, from these sources, conclusive evidence could be obtained as to which of the conflicting emails at issue herein was the original. It would also save all concerned time and resources to have a comprehensive study by defendant's experts of both parties' emails included in the same report rather than do it piecemeal. Plaintiff can cite no prejudice to him by the grant of this request.

Very truly yours,

Leonard A. Sclafani, Esq.

Cc; Rajeev Pahuja
    Felicia Nestor, Esq.