UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAJEEV PAHUJA,

                        Plaintiff,

    -v-

AMERICAN UNIVERSITY OF ANTIGUA, *c/o Greater Caribbean Learning Resources*,

                        Defendant.

------------------------------------------------------------X

11 Civ. 4607 (PAE)

ORDER

**PAUL A. ENGELMAYER, District Judge:**

    The Court has received *pro se* plaintiff Pahuja's letter, Dkt. 38, dated January 28, 2013, requesting that the Court appoint pro bono counsel, and a letter response from defendant American University of Antigua opposing that request. To qualify for the appointment of pro bono counsel, the plaintiff must first demonstrate that his claim has substance or a likelihood of success. *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). If an applicant meets this threshold standard, the Court must then consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). The Court is to remain mindful throughout the inquiry that volunteer attorney time is a precious commodity, and should therefore not grant the appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172.

    Pahuja does not satisfy this standard. The Court has twice previously denied Pahuja's requests for pro bono counsel, because he has failed to demonstrate a likelihood of success on his claims. *See* Dkts. 9, 14. His most recent application in no way enhances that showing. Indeed,

it contains no additional facts or arguments indicative of likely success. Moreover, this lawsuit has been narrowed to Pahuja's claim under the Americans With Disabilities Act ("ADA"), and discovery is targeted solely, for now, on whether the May 5, 2009 email on which that claim rests was doctored so as to salvage Pahuja's ADA claim. There is no need or basis to appoint pro bono counsel on that issue. Accordingly, Pahuja's January 28, 2013 application for appointment of pro bono counsel is denied.

Pahuja has informed the Court that, in the alternative, he would like to withdraw his case, *i.e.*, have it dismissed. In light of the burdens imposed on the defense to defend this case, any such dismissal would be with prejudice, meaning Pahuja would be barred from bringing the same claims again.

Mr. Pahuja is directed to inform the Court and opposing counsel, in writing, by Friday, February 1, 2013, whether he consents to dismissal of this case with prejudice. Unless and until an order dismissing the case issues, the current schedule remains in place. Defense counsel is directed to furnish this order to Pahuja forthwith.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: January 30, 2013
      New York, New York